## Applegate v. Applegate

*Benjamin H. Marks*, for plaintiff.
*Albert E. Acker*, for defendant.

McKAY, J., July 5, 1957.—There is before the court a motion for a protective order to prevent defendant

from taking the depositions of plaintiff in the above entitled action.

The action is in divorce a mensa et thoro. On May 2, 1957, plaintiff wife filed a complaint alleging in general terms indignities to the person.

Defendant filed a responsive answer denying plaintiff's averments and asserting that, on the contrary, plaintiff had, by her conduct, rendered his condition intolerable and life burdensome, and had required him to withdraw from their common abode in order to protect his health following a heart operation.

Defendant entered a rule for a bill of particulars. Plaintiff then filed a bill of particulars containing 45 paragraphs in which the conduct of defendant complained of, which covers the period of the last seven years, was specified with particularity.

On June 13, 1957, plaintiff filed a petition for counsel fees in which she stated that it would be necessary for her to make investigations and take depositions in Cleveland and Washington, that defendant has an annual income of $16,000 from real estate, and receives $6 per month of disability insurance. She asked for a rule to show cause why the court should not order him to pay $3,000 counsel fees and $1,500 for investigation and expenses for preparation for trial. In answer to the petition and rule defendant denied the averments as to his income from property, stated that instead the income from his property was $3,570.73, and averred that plaintiff herself had an income in excess of $400 per month "upon which the defendant pays the income tax". The answer also contained a paragraph entitled new matter which averred that the proceedings and petition were designed to harass and embarrass defendant and to coerce him into meeting her demands for a $25,000 property settlement which she had made upon defendant, offering also to

sue for a divorce from the bonds of matrimony, instead of for a divorce from bed and board.

On June 28, 1957 defendant filed a notice to take the oral deposition of plaintiff, whereupon, on July 1, 1957, the present motion for a protective order was presented to the court and orally argued. At the argument, counsel for defendant stated that at the deposition hearing he intended to interrogate plaintiff with respect to the matters set forth in her bill of particulars as well as those averred in the petition for counsel fees and expenses.

In her motion for a protective order, plaintiff alleges that the depositions are sought in bad faith for the purpose of annoying and embarrassing her, that defendant does not need the investigation for the purpose of preparing his pleadings and trial and that the Pennsylvania Rules of Civil Procedure permitting depositions to be taken do not apply to actions in divorce.

We do not agree that the procedural rules do not apply to divorce actions. On the contrary, Pa. R. C. P. 1121-1136, inclusive, are specifically promulgated to cover actions of divorce. Rules 4001-4025, inclusive, which relate to depositions and discovery, do not purport to except from their operation actions in divorce. It is true that rule 1409 provides that the rules covering actions of divorce or an annulment of marriage shall not be deemed to suspend or affect certain acts relating to the appointment of masters in divorce, the substantive provisions of the Divorce Code and the laws authorizing the resumption of a maiden name after divorce. These acts, however, do not concern discovery or procedure in divorce actions.

Further, we cannot determine at this stage of the proceeding that the depositions are sought by defendant in bad faith for any improper purpose.

However, the objection that the depositions are not needed for the purpose of preparation of pleadings or for trial requires some consideration.

Rule 4007, as amended in 1954, after stating that any party may take the testimony of any person, including a party, for the purpose of discovery of the identity and whereabouts of witnesses, adds: "Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action *and will substantially aid in the preparation of the pleadings or the preparation or trial of the case.*" (Italics supplied.)

It will be noted that, notwithstanding the 1954 amendments to the discovery rules were designed to liberalize them and are to be liberally interpreted to give effect to that purpose, there are still certain limitations upon the right of discovery. The pertinent limitation here is the requirement that the depositions will substantially aid defendant in the preparation or trial of the case.

Defendant contends that the depositions will aid him in the preparation of both the hearing before the court to determine the amount of counsel fees and expenses and the hearing of the case on its merits before a master.

With respect to the former, plaintiff will testify and be cross-examined at the hearing as to the appropriate amounts of counsel fees and expenses and the ability of the respective parties to pay them. Defendant already has full knowledge of the earnings and assets of both parties. He even prepares plaintiff's income tax return. The appropriate amount of the fees and expenses is for the court, not plaintiff, to determine after the evidence is received. Under these circumstances, we cannot conceive how defendant can

be aided in the preparation of his case at the court hearing by questioning plaintiff in advance.

A similar situation is presented by the request for depositions in the preparation of the case on its merits. The issues before the master will relate to defendant's alleged acts of indignities to plaintiff during the past seven years. Both plaintiff and defendant know what those acts were. Hence, defendant already has full knowledge of the matters which form the subject of requested depositions. If it be suggested that he is entitled to know what particular acts of misconduct his wife will attempt to prove at the master's hearing, the answer is that she has filed a bill of particulars, naming therein the dates and specific instances of indignities upon which she will rely. At the hearing she will be limited to proof of those averments. Discovery, therefore, cannot possibly aid him in the preparation for trial. To allow discovery in the present situation would be to permit the abuse of the procedural rules. The rules of discovery, even as liberalized by the 1954 amendments, were not designed to provide for a rehearsal of a master's hearing.

The question is similar to that presented in the case of Jones v. Cen-Penn Food and Appliance Service, Inc., 2 D. & C. 2d 57. In that case the issue was whether there was legal cause for the discharge of plaintiff from his employment by defendants. Plaintiff alleged that he was discharged without cause and defendants in their answer denied this and set forth the particular acts of conduct which legally justified his discharge. The court, Sohn, J., ordered that the deposition requested should not be taken, stating, at page 60:

"The acts and conduct complained about pertain to plaintiff alone. He certainly has complete and full knowledge whether he was guilty of the acts of commission or omission averred in the answer. Conceiv-

ably, defendants can have no unique information concerning the acts about which plaintiff himself does not have knowledge. It is more reasonable to believe that plaintiff knows more about his own conduct during his employment with defendants than defendants themselves. We believe to allow discovery here would mean to sanction an unlimited fishing expedition on the part of plaintiff. This is not the intention of the rules as amended on July 1, 1954, even if those rules are given a most liberal construction."

At the argument, however, counsel stated that, in addition to examining plaintiff generally, he desired to ascertain the names and addresses of plaintiff's witnesses. Clearly he is entitled to this information, for rule 4007 (a) attaches no limitation to the provision that "any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses." Therefore, if the deposition were limited to the purpose of discovering the names and addresses of witnesses, it would be appropriate.

While we have not as yet promulgated a general rule providing for the filing of a statement of scope and purpose of depositions, the same end can be attained by an order permitting the depositions but limiting their scope and purpose to the identity and whereabouts of witnesses.

### Order

Now, July 5, 1957, it is ordered that the motion for protective order restraining defendant from taking any depositions in the above entitled matter is refused, and it is ordered that the oral depositions of Eloise C. Applegate may be taken on July 17, 1957, pursuant to the notice filed July 28, 1957, but that at said hearing the scope and purpose of the deposition will be

limited to the ascertainment of the identity and whereabouts of witnesses which plaintiff will rely upon to support her petition for counsel fees and her cause of action in divorce.